## FLOYD ET AL., RESPONDENTS, *v.* BOULDER FLUME AND MERCANTILE COMPANY, APPELLANT.

[Argued December 29, 1891.   Decided January 11, 1892.]

WATER RIGHTS—*Appropriation—Sufficiency of notice.*—A notice of the appropriation of water should be liberally construed; and though a notice is ambiguous in describing two branches of a stream from which the water is taken without designating the amount taken from each, its admission in evidence cannot be held error where the means of the appropriation, and the quantity, purpose, and date of the diversion, are otherwise sufficiently shown.

*Appeal from Fifth Judicial District, Jefferson County.*

Action for an injunction.   The cause was tried before GALBRAITH, J., without a jury.   Plaintiffs had judgment below.

*Toole & Wallace*, for Appellant.

*Cowan & Parker*, for Respondents.

BLAKE, C. J.— This action was commenced to restrain the defendant from diverting the waters of Boulder Creek, and depriving the plaintiff of the use thereof in a flume.   The case was tried by the court without a jury, and during the trial the following notice of the appropriation of the water was introduced:—

"TERRITORY OF MONTANA, }
  COUNTY OF JEFFERSON.    } *ss.*

" *To all whom these presents may concern:*—

"Be it known that John Floyd and John Brannagan, of ———, in said county and Territory, do hereby publish and declare, as a legal notice to all the world:—

"I.   That they have a legal right to the use, possession, and control of, and claim two thousand five hundred (2,500) inches of the waters of Boulder and Lowland Creeks, in said county and Territory, for irrigating and other purposes.

"II.   That the special purpose for which said water is intended to be used, and the place of intended use, is the fluming of wood, milling, and other useful purposes.

"III.   That we have taken said water out of, and diverted it from said streams by means of a ditch and flume, which said ditch and flume is forty-eight inches (48) by sixty (60) inches in size, and carries or conducts two thousand five hundred inches of water from said streams.   Said ditch taps and diverts the water from said stream at a point upon its north bank near the junction of Boulder and Lowland Creeks; thence running, or to run, to and upon said described land (and through said land, if so desired, to any requisite point of final discharge).

"IV.   That we appropriated and took said water on the eighth day of October, A. D. 1888, by means of said ditch and flume.

"V.   The names of the appropriators of said water are John Floyd and John Brannagan.

"VI.   That we also hereby claim said ditch and right of way therefor, and for said water by it conveyed, or to be conveyed, from said point of appropriation to said land or point of final discharge; and also the right of location upon any land, of any dams, flumes, reservoirs, constructed or to be constructed, by us in appropriating and in using said water.

"VII.   That we also claim the right to keep in repair and to enlarge said means of water appropriation at any time, and the right to dispose of the said right, water, ditch, or said appurtenances, in part or whole, at any time.

"Claiming the same, all and singular, under any and all laws, national and territorial, and rulings and decisions thereunder in the matter of water rights, and specifically under sections 731 to 735, inclusive, and 738 and 741 of the Revised Statutes of 1879, or as amended, and under an act of the legislative assembly of the Territory of Montana entitled 'An act relating to water rights,' approved March 12, A. D. 1885.

"Together with all and singular the hereditaments and appur-

tenances thereunto belonging or appertaining or to accrue to the same.

"Witness our hand at Butte, Montana Territory, this eighth day of October, 1888.          JOHN BRANNAGAN."

"TERRITORY OF MONTANA, ⎱ ss.
    COUNTY OF SILVER BOW.  ⎰

"John Brannagan, having first been duly sworn, deposes and says that he is of lawful age, and one of the appropriators and claimants of the water and water right mentioned in the foregoing notice and statement of appropriation and claim, and the persons whose names are subscribed thereto as the appropriators and claimants; that he knows the contents of said notice and statement foregoing; and that the matters and things therein stated are true.          JOHN BRANNAGAN.

"Subscribed and sworn to before me this tenth day of October, A. D, 1888.

[SEAL.]                    "CHARLES S. WARREN,

"Notary Public, Silver Bow County, Montana Territory.
"Recorded October 11, 1888."

It is maintained by the appellant that the court erred in admitting this notice, for these reasons: It did not show by what means the waters of said Boulder Creek were diverted, or the quantity or the purpose of such diversion, or the date of the appropriation thereof. No briefs have been filed.

The court in *Osgood* v. *Eldorado etc. Min. Co.* 56 Cal. 579, observed that, "by all the authorities, the notices are to be liberally construed." This notice is drawn in uncertain terms, but, in the light of the testimony, the objections to its introduction cannot be sustained. It is admitted that the respondents diverted the water from both Lowland and Boulder Creeks, and used the same in a certain wood flume, and that the points of diversion, respectively, are about four miles apart, and are above the confluence of the streams. The first is a tributary of the last. The notice is ambiguous respecting the quantity of water of Boulder Creek which is claimed, because both sources are specified. The court finds that the respondents are entitled to an amount of said water not exceeding five hundred inches, which was appropriated October 8, 1888. The date of

the appropriation of the water of Boulder Creek by the appellant is April 6, 1889. The notice was sufficient to put all parties upon inquiry concerning the rights of the respondents to use for a common purpose the waters of both creeks, which are branches of the Boulder River. We think, however, that the respondents should be required to divert all the water which is available in the Lowland fork before they convey the remainder of the quantity to which they are entitled from Boulder Creek. This action will make the rights of the parties certain, and cure the obscurity in the notice.

It is ordered and adjudged that the judgment be modified in accordance with this opinion, and that when so modified it be affirmed.

*Modified and affirmed.*

HARWOOD, J., and DE WITT, J., concur.